## DICK EDWARDS v. THE STATE.

1. ADULTERY, as defined by the Penal Code, art. 333, is the living together and carnal intercourse with each other, or habitual carnal intercourse with each other without living together, of a man and woman, when either is lawfully married to some other person.

2. SAME.— The other essentials being present, the crime of adultery depends upon either of two circumstances: (1) The living together and carnal intercourse with each other, or (2) habitual carnal intercourse without the living together.

3. Same — Indictment which merely charges that the parties "did then and there unlawfully cohabit together and carnally know each other," is insufficient to charge adultery. See the opinion for charging clause set out and *held* bad.

4. Same — Amendment.— When, as in this case, the defect in the indictment is matter of substance, the indictment is not amendable, and the prosecution will be dismissed.

Appeal from the District Court of Brazoria. Tried below before the Hon. W. H. Burkhart.

The opinion discloses the case.

*Masterson & Masterson*, for the appellant.

*Horace Chilton*, Assistant Attorney General, for the State.

Winkler, J. The appellant and one Mary Ann Griffin, *alias* Mary Ann Shepperd, were indicted, tried and convicted on an indictment which charges, with proper averments as to time and venue, as follows: "did then and there unlawfully cohabit together and carnally know each other, the said Dick Edwards then and there not being the husband of said Mary Ann Shepperd, and the said Mary Ann Shepperd not being then and there the wife of the said Dick Edwards, being then and there a married man and having a living wife, from whom he had not been divorced, and who he well knew was then and there living." The sufficiency of the indictment is called in question by motion in arrest of judgment.

The offense with which these parties appear to be charged is that of adultery, which is thus defined by law: "Adultery is the living together and carnal intercourse with each other, or habitual carnal intercourse with each other without living together, of a man and woman, when either is lawfully married to another person." Penal Code, art. 333. The other essentials being present, the crime may consist of either one of two circumstances: 1st,

living together and carnal intercourse with each other, and 2d, by habitual intercourse with each other without living together. The indictment does not charge either that these parties did live together and have carnal intercourse with each other, or that they had habitual intercourse without living together, but that they did then and there unlawfully cohabit together and carnally know each other. We cannot say that the words employed in the indictment are equivalent to, or synonymous with, the language employed in either of the definitions of the offense as the same is set out in the article of the Code cited above; nor is it in the language of the Code. The indictment being defective and insufficient in a matter of substance, is not amendable; and as it is not sufficient to support the verdict and judgment of conviction, the judgment must be reversed and this prosecution will be dismissed.

Inasmuch as the prosecution will be dismissed because of a defective indictment, it is not necessary to revise other rulings of the court below, notwithstanding we are of opinion the court erred to the prejudice of the defendants in admitting evidence over objections set out in the defendants' bill of exceptions.

*Reversed and dismissed.*